IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WILLIAM JOSEPH BIRHANZL,**               06-CV-116-BR

       **Plaintiff,**                  OPINION AND ORDER

v.

**JANE DOE, SUE LAMBERT GATES,
KEITH BICKFORD, MULTNOMAH
COUNTY, and DISTRICT ATTORNEY
MICHAEL D. SCHRUNK,**

       **Defendants.**

**WILLIAM JOSEPH BIRHANZL**
P.O. Box 86508
Portland, OR  97206
(503) 544-1488

       Plaintiff, *Pro Se*

**AGNES SOWLE**
Multnomah County Attorney
**STEPHEN L. MADKOUR**
Deputy County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, OR  97214
(503) 988-3138

       Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Summary Judgment (#24). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

### FACTUAL BACKGROUND

Plaintiff William Joseph Birhanzl did not respond to Defendants' Motion for Summary Judgment. The Court, however, finds Defendants' Concise Statement of Material Facts is properly supported by the evidence submitted by Defendants. Accordingly, the Court accepts as true those facts that are material to the outcome of the issues raised by Defendants in their Motion as follows:

Plaintiff is a frequent visitor to the Multnomah County Courthouse and has a long history of involvement with courthouse staff and security. At his deposition, Plaintiff testified courthouse staff and security have "tried to exclude [him] from the courthouse a substantial number of times."

Defendant Sue Lambert Gates is a Deputy with the Multnomah County Sheriff's Office assigned to security detail at the Multnomah County Courthouse. On January 28, 2004, Multnomah County Sheriff's Deputy Keith Bickford received a telephone call from an assistant district attorney who reported that Plaintiff was harassing and intimidating her in the Multnomah County

2 - OPINION AND ORDER

Courthouse.  When Deputy Bickford went to investigate the report, Plaintiff started towards the District Attorney's Office to "let Michael Shrunk [*sic*] know personally that the time - the time where [he] would allow [himself] to be treated like this had long since passed . . . [and he] would not be treated like that anymore and they needed to resolve this matter forthwith." Birhanzl Dep. at 22.

Deputy Bickford radioed Deputy Gates, informed her about the harassment report, and requested she detain Plaintiff.  Deputy Gates found Plaintiff in the law library, placed him in handcuffs, and escorted him to the holding cell in Room #136 on the first floor.  While in the elevator, Plaintiff became increasingly vocal and made threatening comments such as "I got you now, Gates.  That's a promise, I'm going to get you now."

Deputy Gates placed Plaintiff in the holding cell in Room #136 while she discussed the situation with Deputy Bickford and another officer.  A few minutes later, Deputy Gates returned to the holding cell and removed the handcuffs from Plaintiff. Shortly thereafter Deputy Bickford issued a Notice of Exclusion to Plaintiff pursuant to Multnomah County Executive Order No. 122, which excluded Plaintiff from the Multnomah County Courthouse, the Justice Center, Inverness Jail, the Juvenile Justice Center, and the Gresham Courthouse for six months. Deputy Bickford issued the Notice of Exclusion on the grounds

3 - OPINION AND ORDER

that Plaintiff was interfering with court business and harassing and intimidating the District Attorney's staff.  The Notice included an exception for Plaintiff to conduct necessary judicial business.  The Notice also described procedures for appeal of the exclusion.  Plaintiff, however, did not appeal the Notice of Exclusion.

## PROCEDURAL HISTORY

On January 27, 2006, Plaintiff filed a Complaint in this Court against Jane Doe; Deputy Gates; Deputy Bickford; Multnomah County; and Michael Schrunk, District Attorney, pursuant to 42 U.S.C. § 1983 alleging Defendants deprived Plaintiff of his rights under the First, Fourth, and Fourteenth Amendments. Plaintiff specifically alleged Defendants deprived him of his liberty, his right to be free from unreasonable seizures, and his right to access to the courthouse.

On February 10, 2006, this Court issued an Opinion and Order dismissing Plaintiff's claims against Deputy Bickford and District Attorney Schrunk on the ground that Plaintiff failed to state a claim against these Defendants upon which relief could be granted.  The Court gave Plaintiff leave to amend his Complaint by March 10, 2006, to cure the deficiencies noted in the Court's February 10, 2006, Opinion and Order.

On March 17, 2006, the Court issued an Order noting

Plaintiff had not amended his Complaint.  The Court, therefore, dismissed with prejudice Plaintiff's claims against Deputy Bickford and District Attorney Schrunk.

On April 17, 2006, the Court issued a Summary Judgment Advice Order (#13) advising Plaintiff that (1) Defendants might file a motion for summary judgment; (2) the Local Rules required Plaintiff to file a response to such a motion; and (3) the Court would dismiss Plaintiff's action with prejudice if Defendants prevailed on a motion for summary judgment, which would mean Plaintiff would not be allowed to file another action based on these claims.

On November 16, 2006, the remaining Defendants filed a Motion for Summary Judgment on the grounds that (1) Plaintiff did not identify Jane Doe; (2) Plaintiff failed to state a claim against Deputy Gates; (3) Plaintiff did not establish Defendants violated his rights under the First, Fourth, or Fourteenth Amendments; (4) Deputy Gates is entitled to qualified immunity; and (5) Multnomah County is not liable under § 1983 on a theory of *respondeat superior*.

On November 21, 2006, the Court issued an Order requiring Plaintiff to file a response to Defendants' Motion for Summary Judgment by December 21, 2006, and referring Plaintiff to the Court's Summary Judgment Advice Order.  On January 19, 2007, the Court granted Plaintiff's Motion for Extension of Time to respond

5 - OPINION AND ORDER

to Defendants' Motion for Summary Judgment; allowed the parties until February 26, 2007, to complete discovery; and required Plaintiff to file a response to Defendants' Motion by April 6, 2007.

Plaintiff did not file a response to Defendants' Motion.

## **STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters*

*Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

## DISCUSSION

As noted, Defendants move for summary judgment on the grounds that (1) Plaintiff did not identify Jane Doe; (2) Plaintiff did not establish Defendants violated his rights under the First, Fourth, or Fourteenth Amendments; (3) Plaintiff failed to state a claim against Deputy Gates; (4) Deputy Gates is entitled to qualified immunity; and (5) Multnomah County is not liable under § 1983 on a theory of

7 - OPINION AND ORDER

*respondeat superior.*

## I.  Defendant Jane Doe

The Ninth Circuit has held

> [a]s a general rule, the use of 'John Doe' to identify a defendant is not favored.  However, situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

*Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citations omitted).

Here Plaintiff has conducted discovery and has had an opportunity to identify Jane Doe, but he has failed to do so.  Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's claims against Jane Doe.

## II. Plaintiff's First Amendment Claim

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

Section 1983 creates a private right of action against persons who, acting under color of state law, violate federal constitutional or statutory rights.  *Devereaux v. Abbey,*

263 F.3d 1070, 1074 (9th Cir. 2001).

Although it is not clear from the Complaint, Plaintiff appears to contend his exclusion from the Multnomah County Courthouse violated his right to access to the courts under the First Amendment.

> In assessing a First Amendment claim relating to speech on government property, the first step is to identify the nature of the forum, because the extent to which the Government may limit access depends on whether the forum is public or nonpublic.  If the forum is public, speakers can be excluded . . . only when the exclusion is necessary to serve a compelling state interest and the exclusion is narrowly drawn to achieve that interest.  If the forum is nonpublic, a more lenient standard applies, and the government may restrict access as long as the restrictions are reasonable and [are] not an effort to suppress expression merely because the public officials oppose the speaker's view.

*Sammartano v. First Judicial Dist. Ct. in and for the County of Carson City*, 303 F.3d 959, 965 (9th Cir. 2002)(quotations omitted).

**A.    The Multnomah County Courthouse Is a Nonpublic Forum.**

Although public places such as streets, sidewalks and parks historically associated with the free exercise of expressive activities are considered public fora, "not all publicly owned property becomes a public forum simply because the public is permitted to come and go at the site."  *Id.* at 966 (quoting *Jacobsen v. Bonine*, 123 F.3d 1272, 1273 (9th Cir. 1997)).

9 - OPINION AND ORDER

> The government . . . has the power to preserve the property under its control for the use to which it is lawfully dedicated . . . . It is the "location and purpose" of the property and the government's subjective intent in having the property built and maintained, that is crucial to determining the nature of the property for forum analysis.

*Id*. (quoting *Jacobsen*, 123 F.3d at 1274).

In *Sammartano*, the plaintiffs brought an action under § 1983 alleging the defendants violated their rights under the First and Fourteenth Amendments when the defendants would not allow the plaintiffs to enter portions of the county courthouse after they refused to remove clothing bearing symbols of motorcycle organizations. 303 F.3d at 964. The Ninth Circuit found the county courthouse was a nonpublic forum:

> [It] was built, and is operated, for the purpose of conducting the business of the county and of the municipal and state courts. It is not, like a public street or park, the kind of public property that has by long tradition or by governmental fiat . . . been devoted to assembly and debate.

*Id*. at 966.

Like the courthouse in *Sammartano*, the Multnomah County Courthouse is operated for the purpose of conducting the business of the Multnomah County (Oregon) courts. It has not historically "by long tradition or by government fiat been devoted to assembly and debate." The Court, therefore, concludes the Multnomah County Courthouse is a nonpublic forum.

10 - OPINION AND ORDER

   B.   **The Restrictions on Plaintiff's Access to the Multnomah County Courthouse Were Reasonable**.

Because the Multnomah County Courthouse is a nonpublic forum, "a more lenient standard applies, and the government may restrict access as long as the restrictions are reasonable and [are] not an effort to suppress expression merely because the public officials oppose the speaker's view." *Id.* at 965.

The "reasonableness" requirement for restrictions on access to a nonpublic forum

> requires more of a showing than does the traditional rational basis test; *i.e.*, it is not the same as establish[ing] that the regulation is rationally related to a legitimate governmental objective, as might be the case for the typical exercise of the government's police power.  There must be evidence in the record to support a determination that the restriction is reasonable.  That is, there must be evidence that the restriction reasonably fulfills a legitimate need.

*Id*. at 966-67.  Here the Notice of Exclusion allowed Plaintiff to enter the courthouse to conduct necessary judicial business such as appearing for himself, appearing in court for another, or for a "prearranged verifiable meeting with staff in the building." Defendants have established the restriction on Plaintiff's access fulfilled the government's need to have an orderly and safe place to conduct business and did not overly limit Plaintiff's ability to access the courthouse to conduct legal matters.

Accordingly, the Court concludes Defendants have

11 - OPINION AND ORDER

established the restrictions on Plaintiff's access were rationally related to the legitimate governmental "need to preserve an orderly and safe place to conduct the public's business," and, therefore, Plaintiff's exclusion was reasonable. *Id*. at 966.

      **C.    The Restrictions on Access to the Multnomah County Courthouse Were Not an Effort to Suppress Plaintiff's Views.**

"[I]n a nonpublic forum, the government may restrict access based on subject matter if doing so is reasonable, so long as it does not discriminate among viewpoints within subject matter areas." *Id.* at 970. There is not any evidence that the Notice of Exclusion discriminated among viewpoints, was based on the subject matter of Plaintiff's speech, or was based on Plaintiff's particular viewpoint. Thus, the restrictions on Plaintiff's access to the courthouse were not an effort to suppress his views.

In summary, the Court concludes the Notice of Exclusion did not violate Plaintiff's rights under the First Amendment, and, therefore, Defendants are entitled to summary judgment as to Plaintiff's First Amendment claim.

### III. Plaintiff's Fourth and Fourteenth Amendment Claims

Plaintiff contends Defendants unreasonably seized him and denied him liberty in violation of his rights under the Fourth and Fourteenth Amendments.

Plaintiff does not bring any claims or provide any analysis under the Fourteenth Amendment that are separate from his claims under the Fourth Amendment. When a particular constitutional amendment "provides an explicit textual source of constitutional protection, . . . that amendment, not the more generalized notion of 'substantive due process[,]' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 281 (1994). The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." Because Plaintiff brings these claims on the basis that Defendants violated his right to be free from unreasonable seizure, Plaintiff's claims under the Fourth and Fourteenth Amendments must be analyzed under the Fourth Amendment. In any event, the analysis under either amendment is the same. *See Wallis v. Spencer*, 202 F.3d 1126, 1137 n.8 (9th Cir. 2000).

A.  **Fourth Amendment**

"The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991)(citations omitted). A law enforcement officer may lawfully detain a person for an investigatory stop when the officer has "reasonable suspicion" to believe the stopped

13 - OPINION AND ORDER

individual is engaged in criminal activity. *Terry v. Ohio*, 392 U.S. at 23-27. *See also Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1996). "Reasonable suspicion is formed by 'specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.'" *U.S. v. Dorais*, 241 F.3d 1124, 1130 (9th Cir. 2001)(quoting *U.S. v. Michael R.*, 90 F.3d 340, 346 (9th Cir. 1996)). It requires only "a minimal level of objective justification." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). The detention, however, must be brief. *Florida v. Royer*, 460 U.S. 491, 500 (1983)("[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop."). *See also United States v. Chamberlin*, 644 F.2d 1262, 1266-67 (9th Cir. 1980)(police officers improperly detained and questioned a suspect for twenty minutes in their patrol car). In addition, "the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." *Royer*, 460 U.S. at 500.

**B.  Analysis**

Here an assistant district attorney reported to Deputy Bickford that Plaintiff was harassing her. Plaintiff has a long history of involvement with courthouse staff and security and, as noted, admitted during his deposition that courthouse security

14 - OPINION AND ORDER

has "tried to exclude [him] from the courthouse a substantial number of times." The totality of these circumstances provided Defendants with the "minimal level of justification" required for reasonable suspicion to detain Plaintiff and to investigate the allegations that he was harassing a prosecutor in violation of Oregon law.  *See*  Or. Rev. Stat. § 166.065.

The Supreme Court has noted, "[T]here are undoubtedly reasons of safety and security that would justify moving a suspect from one location to another during an investigatory detention, such as from an airport concourse to a more private area." *Id*. at 505.  Here Defendants removed Plaintiff from the law library on the fourth floor to the holding cell on the first floor, which was a safer and quieter location.  Defendants detained Plaintiff for only a few minutes after removing him to the holding cell to allow Deputy Gates to confer with Deputy Bickford, Defendants to assess the situation, and Defendants to determine how to proceed.

Based on the totality of the circumstances, Defendants' detention of Plaintiff for this short period and for these purposes did not violate Plaintiff's rights under the Fourth Amendment.  Accordingly, the Court concludes Defendants are entitled to summary judgment on Plaintiff's claims under the Fourth and Fourteenth Amendments.

Because the Court concludes Defendants are entitled to

15 - OPINION AND ORDER

summary judgment on Plaintiff's claims under the First, Fourth, or Fourteenth Amendments and there are not any other unresolved claims in this matter, the Court does not need to reach Defendants' other grounds for summary judgment such as (1) Plaintiff failed to state a claim as to Deputy Gates, (2) Deputy Gates is entitled to qualified immunity, and (3) Multnomah County is not liable under § 1983 on a theory of *respondeat superior*.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment (#24) and, accordingly, **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 30th day of May, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge